DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALESSANDRA STELLATO,**
Appellant,

v.

**MICHAEL STELLATO,**
Appellee.

No. 4D2022-3080

[May 8, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Robert L. Pegg, Judge; L.T. Case No. 432018DR000691.

Susan R. Brown of Susan R. Brown, P.A., Plantation, for appellant.

Jeff T. Gorman of Jeff T. Gorman Law Offices, Stuart, for appellee.

CONNER, J.

The wife appeals from the amended final judgment dissolving her marriage, raising six issues on appeal. Regarding the children of the marriage, the wife challenges the trial court's rulings on timesharing, parental decision-making authority, school address designation, and child support. The wife also challenges the trial court's distribution of her 401(k) account and adjudication of contempt for her perjured testimony. Except for the errors conceded by the husband, we affirm the trial court's rulings. The wife's arguments on the affirmed rulings were either not preserved, lack merit as a matter of law, or lack merit based on the trial court's credibility determinations.

The husband properly concedes error regarding the trial court's failure to reference or simultaneously file a child support guidelines worksheet with the amended final judgment. Although the trial court filed a child support guidelines worksheet along with the initial final judgment, the initial final judgment did not refer to the worksheet. The amended final judgment also did not refer to a child support guidelines worksheet, nor did the trial court file a worksheet simultaneously.

As we recently made clear in *Nepola v. Nepola*, 373 So. 3d 642 (Fla. 4th DCA 2023), a trial court need not physically attach a child support guidelines worksheet to the final judgment. However, we said:

> If the parties comply with [Florida Family Law Rule of Procedure] 12.285(k), and the trial court either files the guidelines worksheet with the order or indicates in the order that it relied on one of the submitted worksheets, then it is apparent how the trial court arrived at its determination of the child support, and there will typically be no impediment to review. If the trial court declines to approve any of the submitted proposed worksheets, and it adopts a modified version of a submitted worksheet, the party submitting the modified worksheet must ensure it is made a part of the record.

*Id.* at 644.

The appellate record shows the parties separately submitted child support guidelines worksheets into evidence during the trial. Although the initial final judgment complied with *Nepola* because of the simultaneously filed worksheet, the amended final judgment did not refer to any worksheet and the trial court did not simultaneously file a worksheet. The husband properly concedes error because the trial court made a significant change in the timesharing schedule between its initial final judgment and amended final judgment, and the worksheet (and child support obligations for each party) is inconsistent with the timesharing schedule ordered in the amended final judgment.

The husband also concedes error in the calculation of the children's health insurance. The child support guidelines worksheet filed with the initial final judgment stated that the husband pays $160 for the children's monthly health insurance. But the husband's financial affidavit stated that the husband pays $128 for "monthly health insurance" as part of the "monthly expenses for children common to both parties." The husband accordingly concedes (and the record reflects) the worksheet filed with the initial final judgment includes an erroneous amount according to the husband's financial affidavit.

We affirm all of the trial court's rulings leading to the amended final judgment dissolving the marriage except for the errors conceded by the husband on appeal as discussed above. We reverse the amended final judgment and remand to the trial court for the limited purposes of (1) correcting the child support determination to reflect the correct amount

which the husband pays for the children's health insurance, and (2) ensuring the child support obligation for each party was properly calculated and consistent with the timesharing awards. The trial court shall also attach, refer to, or simultaneously file the child support guidelines worksheet with the amended final judgment entered on remand.

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3